## PENDERGRASS v. BURRIS.

### No. 12,509; September 22, 1888.

19 Pac. 187.

Mortgages—Deed Absolute.—Plaintiff's Intestate Owed Defendant and others large amounts of money which he was unable to pay, and in consideration of the release of defendant's and payment of other debts conveyed a ranch to him, defendant surrendering intestate's notes, and taking possession of the land. Intestate remained on the land, boarding with the tenants, until his death, four years after; collected rents, sold crops, and cultivated a portion for one year himself. There was evidence that the intestate was agent and tenant of defendant, and did not claim ownership of the land. Defendant testified that the sale was absolute, but that shortly afterward he agreed, in writing, that if intestate could within a year find a purchaser, he would convey the land, taking the amount of the debts and interest, and allowing intestate to retain the residue. Admissions of defendant of facts from which a mortgage, instead of a sale, might be inferred, were explained. Some other circumstances were proved for and against the theory that the transaction was intended only as security for a debt. Held, that the finding of the trial court, that the intention of the parties was to make an absolute sale, should not be disturbed.

APPEAL from Superior Court, Tulare County; William W. Cross, Judge.

Ejectment by T. W. Pendergrass, administrator, of the estate of C. T. Thornton, deceased, against David Burris, to

recover the possession of certain lands in Tulare county. At the trial it was shown that plaintiff's intestate at one time owned the land, but conveyed it to defendant by deed absolute in form, but which plaintiff claimed to be in fact security for a debt. There was evidence that before the execution of the deed the grantor owed the grantee and others large amounts which he was unable to pay, and which drew more than the legal rate of interest, and conveyed the land in consideration of the release of defendant's debt and the payment by him of the other debts. When the deed was made intestate's notes were surrendered to him, and defendant took possession of the land, although intestate lived on it until his death, four years after, boarding with the tenants. Defendant testified that the transaction was an absolute sale, and that intestate owed him nothing after the deed was made. He also testified that all intestate had to do with the land after the sale was as his agent in renting it out, collecting rent, selling crops, etc., and that one year he cultivated a part of the land as defendant's tenant. Defendant further testified that, shortly after the deed was made, intestate, thinking the land could be sold for more money, requested defendant to allow him to sell the land and pay him back the amount of the debts, with interest, to which defendant consented, and signed a writing to that effect, giving intestate one year in which to find such purchaser, the agreement stating that time was of the essence of the contract. Defendant and intestate never had a settlement of their transactions after the sale during the time intestate was collecting the rents and selling the crops from the land. Some of the money derived from the rents intestate used, with defendant's consent, to pay some debts he still owed. There was evidence of conversations of intestate in which he acknowledged the land to be defendant's, and that he was only acting as his agent; and of conversations in which defendant admitted intestate's right to the land upon payment of the debts and interest. Defendant told creditors of intestate after his death that he was a creditor of intestate's to a large amount, and that if they did not allow him to be appointed administrator he would put his claim in, which would consume the estate, so that they would get very little, but if he was appointed he would pay them seventy-five cents on the dollar of their debts, to which they agreed, and he

paid them that amount. Afterward the present plaintiff was appointed administrator in defendant's place. Defendant explained this on the ground that intestate owed him a large sum of money collected from tenants, crops sold, etc., while acting as agent for defendant. Defendant paid all the taxes on the land after the deed was made. The finding and judgment of the court (without a. jury) was for defendant, and plaintiff appealed.

Sidney V. Smith and M. S. Babcock (Stanly, Stony & Hays of counsel) for appellant; Brown & Daggett and Atwell & Bradley for respondent.

PER CURIAM.—This case turns upon the question whether or not a certain deed was intended to be a mortgage. The court below found that it was not a mortgage. The ingenious argument of counsel for the appellant has cast some doubt upon the correctness of this conclusion. Nevertheless, upon the evidence in the record, we do not feel warranted to declare that the court below erred in its decision. The judgment and order denying a new trial are affirmed.